UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jennifer Perkins, | Civil Action No.: 6:14-CV-2577-BHH |
| Plaintiff, | **ORDER AND OPINION** |
| vs. | |
| US Airways, Inc.; U.S. Airways Group; American Airlines Group, successor by merger with US Airways, Inc.; and US Airways Health Benefit Plan, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Alter or Amend (ECF No. 40). For the reasons set forth herein, the Motion is denied.

## **BACKGROUND**

The Court assumes familiarity with the facts and procedural history of this case, which are set forth in detail in the Court's September 30, 2015 Order (ECF No. 36) granting in part and denying in part Defendants' Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted. On October 28, 2015, Plaintiff filed a Motion to Alter or Amend, moving the Court to reconsider its dismissal of Plaintiff's first, second, and fourth causes of action. (ECF No. 40 at 1.) Defendants responded on November 16, 2015 (ECF No. 43), and Plaintiff replied on November 30, 2015 (ECF No. 47). The Court has thoroughly reviewed the briefing and the relevant legal authorities on this matter, and now issues the following ruling.

1

## STANDARD OF REVIEW

The Court's Order granting in part and denying in part Defendant's Renewed Motion to Dismiss is an interlocutory order under Fed. R. Civ. P. 54(b). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003) (citation omitted). "This is because a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Id.* at 514-15 (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir.1991)); *see also United States v. Duke Energy Corp.*, 218 F.R.D. 468, 473-74 (M.D.N.C. 2003) ("A court may revisit interlocutory orders at any time prior to final judgment under Fed. R. Civ. P. 54(b) or its inherent authority.").

The Fourth Circuit Court of Appeals has not specifically articulated the standard for evaluating a motion for reconsideration filed under Rule 54(b). *Long v. O'Reilly's Auto. Stores, Inc.*, C/A No. 6:12-901-MGL, 2014 WL 2864589, at *2 (D.S.C. June 23, 2014). Although the strict standards applicable to motions for reconsideration brought pursuant to Fed. R. Civ. P. 59 do not apply, "District courts in the Fourth Circuit look to the standards of motions under [Rule 59] for guidance." *Id.* (citing *R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co.*, C/A No. 4:02–4184–RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006); *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C.2005)); *see also Pure Fishing, Inc. v. Normark Corp.*, C/A No. 3:10-2140-CMC, 2012 WL 4009628, at *1 (D.S.C. Sept. 12, 2012) *aff'd,* 564 F. App'x 601 (Fed. Cir. 2014)

("This court finds the standard applicable to reconsideration of final orders useful, though non-binding."). As with a motion under Rule 59, "appropriate reasons for granting reconsideration under Rule 54 are: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice." *Long*, 2014 WL 2864589 at *2. "The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Am. Canoe Ass'n*, 326 F.3d at 515.

## DISCUSSION

### I. Definition of "Current Employment Status"

Plaintiff first argues that the Court erroneously relied on an inapplicable definition of "current employment status" in finding that Plaintiff had failed to state a claim under the Medicare as Secondary Payer ("MSP") statute, as codified in 42 U.S.C. § 1395y. (ECF No. 40-1 at 10.) Plaintiff asserts that the Court committed a clear error of law by applying the definition of "current employment status" in the regulations instead of the definition provided in the MSP statute itself. (*Id.*) Plaintiff cites the U.S. Supreme Court ruling in *Stenberg v. Carhart*, 530 U.S. 914 (2000), for the proposition that where Congress has provided a definition in a statute for a particular word or phrase, courts must follow that definition in giving effect to Congress' intent. *Id.* at 942 ("When a statute includes an explicit definition, [an interpreting court] must follow that definition, even if it varies from that term's ordinary meaning." (citing *Meese v. Keene*, 481 U.S. 465, 484-485 (1987)). Plaintiff further cites dicta from an out-of-circuit district court decision for the proposition that, "'[T]he Congress intended that the term 'current employment status' be

3

given the broadest possible application.'" *Santana v. Deluxe Corp*, 12 F. Supp. 2d 162, 172 (D. Mass. 1998) (quoting 60 Fed. Reg. 45344-01, 45356 (Aug. 31, 1995)).

The definition of "current employment status" set forth by Congress in the MSP statute, 42 U.S.C. § 1395y(b)(1)(E)(ii), is as follows: "An individual has 'current employment status' with an employer if the individual is an employee, is the employer, or is associated with the employer in a business relationship." *Id.* Plaintiff argues that this definition of "current employment status" trumps the definition of the same phrase set forth in the applicable regulation, which reads in pertinent part: "An individual has current employment status if . . . [t]he individual is actively working as an employee . . . or . . . [t]he individual is *not actively working* and . . . [i]s receiving disability benefits from an employer *for up to 6 months* . . . ." 42 C.F.R. § 411.104 (emphasis added).

The Court disagrees with Plaintiff that it committed a clear error of law by following the applicable definition of "current employment status" in the regulation promulgated by the U.S. Department of Health and Human Services' Health Care Financing Administration ("HCFA"), which retains regulatory authority to enforce the mandates of the MSP statute. *See Health Ins. Ass'n of Am., Inc. v. Shalala*, 23 F.3d 412, 415 (D.C. Cir. 1994). Plaintiff's arguments on this point are unconvincing to show that HCFA's regulatory definition constitutes anything more than proper guidance on the application of the Congressional language under particular circumstances. Such regulations are to be upheld unless they "contradict[] 'the unambiguously expressed intent of Congress' or [are] not a 'reasonable interpretation' of an ambiguous statutory provision." *See Id.* (quoting *Chevron U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 842-43

(1984)). The regulatory definition in question does neither, and is therefore entitled to deference. Moreover, the HCFA's instruction to construe broadly the term "current employment status" applies to the breadth of business relationships Congress intended to capture; in other words, the term "encompasses not only individuals who are actively working but also individuals under contract with the employer whether or not they actually perform services for the employer, such as attorneys on retainer, tradesmen and insurance agents." 60 Fed. Reg. 45,344-01, 45,356 (Aug. 31, 1995); *see Santana*, 12 F. Supp. 2d at 172 (declining to extend the MSP's statutory protection for active individuals and those with current employment status to a disabled former employee receiving health benefits and granting summary judgment to the defendant employer on MSP claim). Therefore, the Court declines to reconsider its prior ruling on the MSP claim on this basis.[1]

The remainder of Plaintiff's arguments regarding dismissal of the MSP claim (Fourth Cause of Action, ECF No. 1 ¶¶ 74-79) either rehash arguments raised in her Opposition to the Motion to Dismiss or fail to raise colorable assertions that the Court committed a clear error of law. Consequently, the Court will not address them here. As fully set forth in the Court's prior Order, Plaintiff's MSP claim fails to plausibly allege a violation of the MSP statute, and the Court's dismissal of that claim will remain undisturbed.

## II. The Health Plan Provisions' Viability Under Federal Law

Plaintiff next avers that the Court committed a clear error of law by relying on the express language of the Health Plan provisions in concluding that the plan documents

---

[1] In maintaining its ruling on this claim, the Court expresses no opinion on the propriety of the regulatory language regarding the scope of "current employment status."

unambiguously establish Medicare, not the Health Plan, as the primary payer for Plaintiff's 2011 health care claims. (ECF No. 40-1 at 14.) This putative legal error stems from Plaintiff's assertion that the Health Plan provisions in question are void for violating federal law. (*Id.* (citing *Bio-Med. Applications of Tennessee, Inc. v. Cent. States Se. & Sw. Areas Health & Welfare Fund*, 656 F.3d 277, 283-84 (6th Cir. 2011)).) Plaintiff argues that the provisions in the 1992 Plan, the 2003 Amendment, and the 2013 Plan addressed in the Court's Order (ECF No. 36 at 3-5) impermissibly and illegally restrict the payment priority set forth in the MSP statute because Congress' 1993 amendments to the statute: (1) eliminated the concept of "active individual"; (2) substituted the term "current employment status"; and (3) prohibited large group health plans ("LGHP") from considering an individual's entitlement to Medicare benefits when making payment priority determinations. (ECF No. 40-1 at 14-15.)

The Court disagrees with Plaintiff that it committed a clear error of law by relying upon the unambiguous terms of the Health Plan provisions at issue, and further disagrees that the application of those provisions, as alleged, contravenes federal law. The MSP statute states in relevant part, "A large group health plan . . . may not take into account that an individual . . . who is covered under the plan *by virtue of the individual's current employment status* with the employer is entitled to benefits under [Medicare]." 42 U.S.C. § 1395y(b)(1)(B)(i) (emphasis added). Accordingly, the strength of Plaintiff's assertion that the relevant provisions of the Health Plan contravene federal law, is contingent on her preceding assertion that she maintained "current employment status" under the MSP statute during the time period relevant to her Complaint. As explained in

6

the Court's Order (ECF No. 36 at 25-26), and confirmed above, an individual's "current employment status" for purposes of the MSP statute does not extend beyond six months of receiving disability benefits from her employer while she is not actively working. *See* 42 C.F.R. § 411.104. After that six month period, the MSP statute's prohibition on a LGHP considering an individual's entitlement to Medicare benefits when determining payment priority no longer applies. *See Harris Corp. v. Humana Health Ins. Co. of Fla., Inc.*, 253 F.3d 598, 601 (11th Cir. 2001) (explaining that a LGHP covering an individual for reasons other than the current employment status of that individual is permitted to make its coverage secondary to Medicare when the individual is simultaneously eligible for Medicare). Simply put, Plaintiff did not have "current employment status" during the relevant time period, and the Health Plan provisions in question did not contravene federal law by taking her eligibility for Medicare into account.

The *Bio-Med.* case, upon which Plaintiff relies in her Motion, is unavailing to her assertion that the Court committed clear legal error. In that case, the Sixth Circuit Court of Appeals considered the MSP statute's provisions governing termination of coverage for individuals with end-stage renal disease and did not address the meaning of the term "current employment status" or its limits. *See Bio-Med.*, 656 F.3d at 281-87. Thus, *Bio-Med.* is largely irrelevant to the issues at play in the instant case, and does not support Plaintiff's conclusion that the Health Plan impermissibly considered her Medicare eligibility in determining that Medicare was the primary provider for the 2011 claims. In sum, Plaintiff's assertion that the Court erred by enforcing LGHP provisions that violate federal law are unconvincing, the Court declines to reconsider its ruling, and the Court's

dismissal of Plaintiff's first cause of action for failure to set forth a plausible claim for relief under ERISA remains in force.

### III. ERISA Claims Procedure

Finally, Plaintiff argues that the Court's dismissal of her cause of action for improper claims procedure pursuant to 29 U.S.C. §§ 1132(a)(3) and 1133 was based on a clear error of law because the facts, when considered in the light most favorable to Plaintiff, demonstrate she has a viable claim. (ECF No. 40-1 at 16.) In her Complaint, Plaintiff alleged that on the final determination of her claim dated August 23, 2012, an external reviewer concluded that Defendants were required to pay as primary because Plaintiff had not been terminated and she remained on a leave status. (ECF No. 1 ¶ 44.) In her Motion, Plaintiff argues that during the final appeal process, Defendants "flagrantly abused their discretion in a self-interested manner by ignoring the conclusions of their own external reviewer." (ECF No. 40-1 at 17.) Lastly, Plaintiff asserts that her allegations of a pattern and practice by Defendants of "tr[ying] to deny their responsibility as primary payer" (ECF No. 1 ¶¶ 45, 46) are sufficient to withstand dismissal of her improper claims procedure cause of action. (ECF No. 40-1 at 17.)

The Court disagrees with Plaintiff that it committed a clear error of law by dismissing her second cause of action, and would say rather little on this point. Plaintiff has not described any putative legal error and asserts in conclusory fashion that her complaint "averred multiple facts in support of her claim that she was not given a full and fair review." (*Id.* at 16-17.) The Rule 12(b)(6) standard requires the Court to assume the truth of alleged *facts*, not Plaintiff's theories of liability. Plaintiff has yet to explain how any

of her factual allegations, taken as true, suggest that Defendants violated the procedural requirements set forth in 29 U.S.C. § 1133. Accordingly, the Court declines to reconsider its ruling on this basis and the Motion is denied.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Alter or Amend (ECF No. 40) is DENIED. The deadline for completion of mediation in this case is hereby set sixty (60) days from the issuance of this order.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 10, 2016
Greenville, South Carolina